UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Lisa M. Baker,

    Plaintiff,

    v.

Carolyn W. Colvin,
Acting Commissioner
of Social Security

Case No. 2:12–cv–264

Judge Michael H. Watson

## OPINION AND ORDER

Magistrate Judge Abel issued a Report and Recommendation ("R&R") in this Social Security case recommending the Court remand this case to the Administrative Law Judge ("ALJ") for consideration of whether Plaintiff meets or equals Listing 12.05C and for consideration of Plaintiff's allegations concerning her cognitive impairment when making his credibility determination. Report and Recommendation 14, 22, ECF No. 12. Defendant-Commissioner timely objected to the R&R. Objection, ECF No. 13. For the following reasons, the Court **OVERRULES** Defendant-Commissioner's objections, **ADOPTS** the Report and Recommendation, and **REMANDS** this case to the ALJ.

Pursuant to Federal Rule of Civil Procedure 72(b)(3), when a party timely objects to a magistrate judge's recommendations on a dispositive matter, the district judge must determine de novo any portion of the recommendations that were properly objected to. Fed. R. Civ. P. 72(b)(3). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations

made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

The R&R recommended remanding the case because the ALJ failed to consider whether Plaintiff met or equaled Listing 12.05C, mental retardation. R&R 14, ECF No. 12.

Listing 12.05 provides in pertinent part:

> 12.05 *Mental Retardation:* Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period, *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22.
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
> . . .
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function;
> . . . .

20 C.F.R. 404, Appx 1.

Defendant-Commissioner does not contest that the ALJ failed to consider whether Plaintiff met Listing 12.05C. Defendant-Commissioner's objection is that Plaintiff does not meet the listing of 12.05C because she was not diagnosed with mental retardation, she did not prove that she had significant adaptive deficits, and she did not show impairment onset prior to age 22. Objections 2, ECF No. 13. Defendant-Commissioner states it is Plaintiff's burden to prove her condition met or equaled the listing criteria, citing *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

While it is Plaintiff's burden to prove she meets a listing, it was not her "job to point the relevant listings out to the ALJ; it was the ALJ's job to identify and address them." *Christephore v. Comm'r of Social Sec.*, No. 11–13547, 2012 WL 2274328, at *7 (E.D. Mich. June 18, 2012) (citing *Burnett v. Comm'r Social Sec.*, 220 F.3d 112, 120 n. 2 (3d Cir. 2000) ("While the burden is on the claimant to . . . show his or her impairment matches a listing . . ., it is unclear from the regulations or caselaw whether a claimant must identify the relevant listing(s). The applicable regulations indicate that it is within the realm of the ALJ's expertise to determine the closest applicable listed impairment . . . [.]" (internal citation omitted)).

Here, the ALJ found that Plaintiff had borderline intellectual functioning which amounted to a severe impairment. Admin. Record PageID # 38, ECF No. 8. Moreover, the record reflects that on September 8, 2009, Dr. Donaldson performed an IQ test, for which Plaintiff obtained a full IQ score of 69. Admin Record PageID # 262, ECF No. 8. Thus, the ALJ should have at least discussed whether Plaintiff met Listing 12.05C, but he did not. *See* Admin. Record at PageID # 38–40, ECF No. 8 (discussing Listings 12.02 and 12.04 but not 12.05); *McClellan v. Astrue*, 804 F. Supp. 2d 678, 683 (E.D. Tenn. 2011) (concluding ALJ should have considered Listing 12.05C where the record raised a substantial question as to the applicability of the Listing and where ALJ considered applicability of Listing 12.02 and 12.04 but not 12.05); *Abbott v. Sullivan*, 905 F.2d 918, 926 (6th Cir. 1990) (failure to analyze Listing 12.05B and C where

evidence raised substantial question as to whether plaintiff qualified); *but see Pasco v. Comm'r of Social Sec.*, 137 F. App'x 828, 843 (6th Cir. 2005) ("[Claimant] has not provided the Court, and we have not found, any authority that requires the ALJ to evaluate a claimant's symptoms of mental disorder under one mental disorder listing . . . if evaluation of the symptoms under other listings . . . is more appropriate.").[1] Accordingly, Defendant-Commissioner's objection that Plaintiff does not substantively meet or equal the Listing is misplaced; it was the ALJ's failure to *consider* the Listing that was error. *See Reynolds v. Comm'r Social Sec.*, 424 F. App'x 411, 415–16 (6th Cir. 2011) (finding ALJ erred by listing both physical and mental impairments in step two but then analyzing only listings for mental impairments in step three).

"The ALJ's error was not harmless, for the regulations indicate that if a person is found to meet a Listed Impairment, they are disabled within the meaning of the regulations and are entitled to benefits; no more analysis is necessary." *Reynolds*, 424 F. App'x at 416. The Court cannot say that correcting such an error in this case would be merely formalistic, because, although the Defendant-Commissioner argues otherwise, it is possible the evidence Plaintiff put forth could meet this Listing. *See id.*

---

[1] The Court notes that even in *Pasco*, the ALJ appears to have considered at step two the listings applicable to each impairment determined to be severe. *Pasco*, 137 F. App'x at 843–44.

Moreover, the Magistrate Judge concluded the ALJ failed to consider whether Plaintiff's allegations that her cognitive impairment precluded substantial gainful activity were credible.

Defendant-Commissioner's objection to this finding is three-fold: (1) Plaintiff's allegations of physical disability were severely undermined by the record; (2) the ALJ discussed Plaintiff's testimony, including her testimony regarding her anxiety; and (3) the ALJ found Plaintiff's ability to engage in daily activities undermined her credibility. Objections 9–12, ECF No. 13.

Defendant-Commissioner's objections are again misplaced. None of the considerations listed by Defendant-Commissioner demonstrate the ALJ considered whether Plaintiff's allegations of *cognitive impairment* precluding substantial gainful activity were credible. The ALJ did not consider those allegations. The closest he came was stating that Plaintiff's "allegations as to the disabling symptoms of her borderline intellectual functioning, and major depressive and general anxiety disorders" were undermined by lack of treatment and inconsistent statements. Admin Record PageID # 43, ECF No. 8. However, in the discussion, the ALJ identified only lack of treatment with respect to, and inconsistent statements Plaintiff made regarding, her anxiety, not her cognitive impairments. Admin. Record PageID # 43, ECF No. 8. Accordingly, the Court accepts Magistrate Judge Abel's finding that the ALJ failed to consider whether Plaintiff's allegations that her cognitive impairment precluded substantial gainful activity were credible.

In conclusion, the Court **OVERRULES** Defendant-Commissioner's objections, **ADOPTS** the Magistrate Judge's R&R, and **REMANDS** the case to the ALJ for consideration of Listing 12.05C and a determination of whether Plaintiff's allegations of a cognitive impairment precluding substantial gainful activity are credible.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**